IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION  NO. 02-619-2 |
| v. | : | |
| | : | CIVIL ACTION NO. 16-3139 |
| JIMMY BROWN | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                      **March  24, 2022**

On August 27, 2019, after receiving permission from the U.S. Court of Appeals for the Third Circuit, Defendant Jimmy Brown filed a second Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, arguing his conviction and sentence for using and carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) should be vacated based on *Johnson v. United States*, 576 U.S. 591 (2015).  Because the Court now finds that Brown's underlying predicate crime (carjacking) does indeed qualify as a crime of violence under 18 U.S.C. § 924(c), the motion shall be denied.

**BACKGROUND**

In September 2002, Jimmy Brown was charged along with two co-defendants, with one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, one count of carjacking and aiding and abetting in violation of 18 U.S.C. § 2119, one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  These charges were the result of the Defendants' attempt to seize two Mercedes Benz automobiles from two tow trucks

1

near the intersection of 3rd and Spring Garden Streets in Philadelphia on April 9, 2002. The automobiles were targeted because the defendants believed they were owned by a drug dealer who had stashed some $1 million in cash in the two vehicles. In the course of events, Brown and his cohorts fired several shots, striking one of the victims in the finger.[1] Following a five-day jury trial in March 2004 before the Honorable Legrome Davis,[2] Brown was convicted and ultimately sentenced to a total term of 241 months' imprisonment to be followed by five years of supervised release, and payment of a $5,000 fine and $400 special assessment. He appealed his conviction, which was affirmed by the Third Circuit in 2007.[3] Brown thereafter filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Following appointment of counsel and a hearing, the motion was denied on March 25, 2010. His request for issuance of a certificate of appealability was likewise denied.

On April 19, 2016, Brown sent a letter to the Clerk of Court seeking to preserve his right to seek relief based on *Johnson*. Brown then moved some three weeks later for appointment of counsel. That motion was granted, and the Federal Community Defender Office was appointed to represent him. On June 16, 2016, the Federal Defender Office filed a protective § 2255 motion on Brown's behalf pending resolution of his application to the Third Circuit for leave to file a second or successive such motion under *Johnson*. That application was granted on August 27, 2019, and

---

[1] In essence, a shoot-out ensued as at least one of the tow truck drivers was also armed and shot one of Brown's co-conspirators, Fernando Sanchez, in defense of the passenger in his truck. Sanchez sustained an injury to the shoulder that, although not life-threatening, necessitated a brief hospital stay in New York City, to which he had fled following the incident and where he was later arrested.

[2] This case was reassigned to the undersigned in October 2017, following Judge Davis' assumption of inactive senior status.

[3] *United States v. Brown,* 227 F. App'x 130 (3d Cir. 2007).

a counseled § 2255 motion was filed the same day. The protective motion was dismissed as moot on October 1, 2019, and the matter is now ripe for determination.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The standards and process for adjudicating § 2255 motions are outlined in subsection (b), which reads:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

As the preceding language suggests, "a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but there are limitations on the exercise of that discretion. *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). "A district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United*

*States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020). Determining whether a hearing is necessary involves a two-pronged inquiry. "First, the district court 'must consider as true all appellant's nonfrivolous factual claims.' "Second, it 'must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show'" any entitlement to relief. *United States v. Arrington,* 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)). If the motion "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record," the district court is "obliged to follow the statutory mandate to hold an evidentiary hearing." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't. of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

**DISCUSSION**

As noted, Brown moved to vacate, set aside and/or correct his sentence on the basis of *Johnson v. United States*, *supra.* wherein the Supreme Court held that the "residual clause" definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague, and thus the imposition of an increased sentence under ACCA's residual clause is a violation of due process. More particularly, Brown claims that because the statute under which he was convicted (18 U.S.C. § 924(c)) "includes a materially identical (though not identically worded) residual clause in its definition of 'crime of violence'" and "[c]ases interpreting the residual clauses of § 924(c)(3) and 18 U.S.C. § 16(b) … regularly rely on ACCA

4

cases," *Johnson* likewise invalidated the residual clause of § 924(c)(3).[4]  Def's Mot. to Correct Sent. 2-3, ECF No. 194-1.  Thus, absent the residual clause, the predicate offense for his § 924(c) conviction (carjacking) does not qualify as a crime of violence under the statute.  Brown therefore asks the Court to vacate his § 924(c) conviction and sentence, and re-sentence him without § 924(c)'s mandatory minimum and any related sentencing enhancements.[5]  *Id.* at 1.  Because there are no facts in dispute and the basis for Brown's motion involves resolution of a legal issue only, a hearing is not necessary.

In relevant part, § 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States."  18 U.S.C. § 924(c)(1)(A).  The statute defines "crime of violence" as follows:

> (3)  For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> > (A) has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[4] Some four years after *Johnson* and just two months before the Third Circuit granted Brown leave to file this motion, the Supreme Court did indeed invalidate as unconstitutionally vague the residual clause in § 924(c)(3)(B).  Following closely on the heels of *Johnson* and *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), in which a plurality of the Court found the nearly identical language of the residual clause in 18 U.S.C. § 16(b) unconstitutionally vague, the Supreme Court reached the same conclusion with respect to § 924(c)(3)(B) in *United States v. Davis*, 139 S. Ct. 2319 (2019).

[5] The Government noted in its response to Brown's motion that he completed his sentence and was released from prison on November 29, 2019.  As Brown is now serving his five-year term of supervised release, this motion is not moot.  *See, Scripps*, 961 F.3d at 631.

Because the residual clause definition of crime of violence in § 924(c)(3)(B) has been held unconstitutionally vague, in determining whether Brown should be resentenced, the threshold question of whether carjacking is a crime of violence within the meaning of the "elements clause" of § 924(c)(3)(A) requires an answer. This question was the subject of an unopposed motion for issuance of a certificate of appealability addressed to the Third Circuit in *United States v. Smith*, Appeal No. 19-2257. On May 11, 2021, the Third Circuit issued an Order denying the motion on the ground that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). *See United States v. Felder*, 993 F.3d 57, 79 (2d Cir. 2021) (collecting cases). …" As the citation to *Felder* reflects, this is the conclusion which nearly all of the Circuit Courts to have considered this issue have reached – carjacking under § 2119 is categorically a crime of violence within the meaning of § 924(c)(3)(A).[6] Inasmuch as the matter has effectively been settled and this Court has no reason to find otherwise, Brown's motion is properly denied.[7]

---

[6] *See, e.g., Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (holding carjacking is crime of violence under § 924(c)(3)(A) as the offense must be committed either by "force and violence" or by intimidation, which means the threat of force); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) (finding that because the federal bank robbery and carjacking statutes use identical language, the commission of carjacking by intimidation necessarily involves the threatened use of violent physical force and carjacking therefore constitutes a crime of violence under § 924(c)'s elements clause); *Ovalles v. United States,* 905 F.3d 1300 (11th Cir. 2018) (extending holding of *In re Smith*, 829 F.3d 1276, 1280-1281 (11th Cir. 2016) that a § 2119 carjacking offense meets the requirements of § 924(c)(3)(A)'s elements clause to attempted carjacking); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018) (noting that because § 2119 additionally requires Government to prove a defendant committed the offense with the "intent to cause death or serious bodily harm," cases finding bank robbery to be a crime of violence are indistinguishable); *United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017) (holding carjacking statute qualifies as crime of violence under § 924(c)(3)(A) because it "has an element the use, attempted use or threatened use of physical force against person or property of another"); *United States v. Jones*, 854 F.3d 737, 740-741 (5th Cir. 2017) (same).

[7] In fact, Brown effectively concedes the point. In his supplemental memorandum filed on August 26, 2021, Brown admits that while the Third Circuit has not addressed whether carjacking is a

6

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,        C.J.

---

crime of violence in a precedential opinion, it has "concluded that a materially similar bank robbery statute satisfies § 924(c)'s elements clause." Def's Mem. Reg. 28 U.S.C. § 2255, ECF No. 197, 2. (citing *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018) (addressing 18 U.S.C. § 2113)). Nevertheless, "[f]or preservation purposes, Mr. Brown maintains that carjacking is not a crime of violence because it does not categorically require the use, attempted use, or threatened use of physical force." *Id.*